UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                          Case No.: 12-29962-LMI

MIRIAM ENRIQUETA VILLENA                    Chapter 13

_____ /

**MELROSE HOMES II AT MONARCH LAKES HOMEOWNER'S ASSOCIATION'S
OBJECTION TO DEBTOR'S EMERGENCY
MOTION TO SHORTEN THE PREJUDICE PERIOD**

Judgment creditor, Melrose Homes II at Monarch Lakes Homeowner's Association (the "Association"), through undersigned counsel, files its objection to the Debtor's Emergency Motion to Shorten the Prejudice Period [D.E. 30] (the "Motion"), and states:

1. In 2011, the Association filed a complaint in the Broward County Court ("State Court") to recover past-due assessments.

2. On August 21, 2012, the Debtor filed the instant Chapter 13 petition, stalling the State Court foreclosure proceeding.

3. On October 2, 2012, the Chapter 13 Trustee Moved to Dismiss for Failure to Provide the Trustee with Debtor's 2011 Federal Tax Return or in the Alternative Motion for Sanctions Against Debtor's Attorney [D.E. 20] (the "Motion to Dismiss"). In the Motion to Dismiss, the Trustee asserted that despite the Trustee's requests, the Debtor had not provided the Trustee "with . . . a copy of her Federal income tax return [and thus] failed to comply with 11 U.S.C. §521(e)(2)(A)(I) and Fed. R. Bankr. P. 4002(b)(3)."

4. On October 4, 2012, the Debtor failed to appear at the § 341 meeting.

5. On October 12, 2012, while a hearing on the Motion to Dismiss was still pending before this Court, the Court, at the Trustee's request, dismissed the case with a 180-day injunction against refilling. [D.E. 24].

6. A final judgment of foreclosure was subsequently entered against the Debtor in the State Court proceeding, scheduling a foreclosure sale for March 1, 2013.

7. On January 11, 2013, the Debtor filed a Motion to Shorten Prejudice Period [D.E. 27]. Contrary to the Local Rules, no certificate of service was filed for the Motion to Shorten Prejudice Period, or its associated Notice of Hearing, and the Court refused to hear the matter.

8. On February 6, 2013, the Debtor filed her *Emergency* Motion to Shorten Prejudice Period. [D.E. 30].

9. Once again in contravention of the Local Rules, in her Emergency Motion, the Debtor failed to "set forth with particularity, under a separate heading in the text: the reason for the exigency and the date by which movant reasonably believes such hearing must be held; and a certification that the proponent has made a bona fide effort to resolve the matter without hearing." LBR 9075-1. This is presumably because, ironically, any exigency is due solely to the Debtor's continuing noncompliance with requirements of the Bankruptcy Code, the Local Rules, and the Federal Rules of Bankruptcy Procedure.

10. While providing little, if any, notice to her creditors, and scant opportunity to respond, the Debtor seeks to once again stall the lawful collection efforts of a judgment creditor,and take advantage of the protections of the automatic stay for a second time. Such a windfall would reward the Debtor for having ignored the rules of this Court and would be at great expense to her creditors, who will once again be forced to switch their efforts between the state law and Bankruptcy forums.

11. In conclusion, it would be unfair to creditors who relied on this Court's order setting a 180-day prejudice period to shorten the prejudice period. Additionally, shortening the prejudice period would effectively undermine the impetus for the prejudice period itself. As such, the Association asks that this Court deny the Motion.

WHEREFORE, the Association requests that this Court deny the Motion and enter such other and further relief as it deems just and proper.

      **MARSHALL GRANT, P.L.**
      Counsel for the Association
      197 South Federal Highway, Suite 300
      Boca Raton, Florida  33432
      Telephone No. 561.672.7580
      Facsimile No. 561.672.7581
      Email:  lpecan@marshallgrant.com

      By:   /s/  Lawrence E. Pecan
           Lawrence E. Pecan
           Florida Bar No. 99086